NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN P. KOWAT,**
*Petitioner,*

v.

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2010-3179

---

Petition for review of the Merit Systems Protection Board in case no. DA3330090406-I-1.

---

Decided: January 19, 2010

---

JOHN P. KOWAT, San Antonio, Texas, pro se.

SCOTT T. PALMER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBRAH A. BYNUM, Assistant Director.

---

Before LOURIE, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

John P. Kowat ("Kowat") appeals from a final decision of the Merit Systems Protection Board ("Board") denying his claim that the Army violated the Veterans Employment Opportunities Act of 1998 ("VEOA") by failing to provide him an opportunity to compete for the position of inventory management specialist. *See Kowat v. Dep't of the Army*, No. DA3330090406-I-1 (Oct. 23, 2009) ("Initial Decision"), *reh'g denied*, (July 8, 2010) ("Final Order"). For the reasons discussed below, this court affirms.

## BACKGROUND

On October 21, 2008, the Army issued a vacancy announcement for the position of inventory management specialist at Fort Sam Houston, Texas. The vacancy announcement indicated that the Army would fill the vacancy through the merit promotion process and applicants would be evaluated by their experience, as reflected in their resumes. Kowat, a twenty-year veteran with service-connected disabilities, applied for this position and submitted his resume. The vacancy announcement closed on November 3, 2008.

On November 13, 2008, a referral list containing fourteen resumes, including Kowat's, was forwarded to the selection committee official, Chief Randolph, with instructions to select a primary selectee and at least one alternate. Chief Randolph evaluated the resumes and selected a primary selectee who was the "most well rounded candidate" and also two alternate candidates. Kowat was not selected as the primary selectee or as either alternate.

Upon learning that he had not been selected for the position, Kowat filed a complaint with the Department of Labor. Kowat contended he was denied his Veterans' Preference when the Army failed to hire him for the vacancy. The Department of Labor determined that the

evidence did not support his claim. Kowat appealed to the Board, contending that the "selection procedures used by the selecting official did not appear to be fair and impartial in the consideration of my candidacy" and that he was more qualified than the other candidates.

The Board held that Kowat failed to establish any violation of the VEOA. *Initial Decision* at 7-8. According to the Board, the VEOA only grants Kowat the right to compete for the inventory management specialist position, not the right to be selected. *Id.* at 7. Because the Board found that Kowat's application was considered on its merits, the Board concluded that Kowat was given the right to compete for the position pursuant to 5 U.S.C. § 3304(f)(1). *Id.* The Board subsequently denied Kowat's petition for review. *Final Order.* Kowat appeals from the Board's final decision. This court has jurisdiction of his appeal under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The VEOA provides that "veterans . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). The VEOA entitles preference eligible veterans the opportunity to compete for vacant positions. *Id.* The VEOA does not, however, ensure that a veteran's application will be successful. *Abell v. Dep't of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003). *See also Joseph v. FTC*, 505 F.3d 1380, 1384 (Fed. Cir. 2007) (stating "[t]he fact that [a preference eligible veteran] was not selected does not

mean that he did not have a full 'opportunity to compete;' it means only that, after such competition, he was not selected.").

It is undisputed that Kowat is a preference eligible veteran and the vacancy was to be filled through the merit promotion procedures. Thus, the only issue remains whether Kowat was given an opportunity to compete.

Kowat contends that Chief Randolph, after receiving and reviewing all fourteen resumes, sent ten of them to a selection panel. Kowat claims his resume was one of the four that was set aside and not presented to the panel. Of those sent to the panel, Kowat alleges Chief Randolph "preselected three of the candidates as best qualified, ranking them as one primary selectee and two alternates." Kowat further alleges the panel reviewed the ten files and "likewise ranked the same three candidates 'best qualified' in the identical order." According to Kowat, the panel "was no more than a 'smoke screen.'"

Kowat argues that the setting aside of his file and the pre-selection by Chief Randolph deprived him of an opportunity to compete. Kowat claims the Army's selection process "resulted in the selection of candidates who may not be fully qualified for the position, who may have made misrepresentations on their resumes, who do not appear to have sufficient writing skills; and above all who do not appear to have the minimum levels of knowledge and specialized skills based on work experience as shown on their resumes for successful performance in the position." As part of this ad hominem attack on the selectee and alternates, Kowat submitted their resumes and expounded upon the "numerous writing errors in resumes of the two alternates (not fitting for a command staff position), and insufficient required knowledge and skills based on the work experience shown on the resume."

The government responds that Kowat's contentions are inaccurate and based purely upon his own speculation. Kowat was given an opportunity to compete and his resume was considered among the fourteen applicants for the vacancy. According to the government, even if Chief Randolph used a selection panel, because he was the selecting official, the selection decision remained with him and could not have been delegated. *See Fort Sam Houston Civilian Personnel Merit Promotion and Placement Regulations* § 4-6(b) (1987) (stating selecting official may seek advice from others but "must make the final decision based on his/her judgment of job-related factors."). Further, the government relies upon a Board decision holding that applicants need not be considered at every stage of the selection process in order to have been given "an opportunity to compete" under the VEOA. *Harellson v. United States Postal Service*, 113 M.S.P.R. 534, 538-39 (2010).

This court agrees with the government. The vacancy for which Kowat applied was not open to the general public. Kowat, due to his status, was able to apply for this position and was considered among the fourteen applicants. After reviewing all fourteen files, the selection official, Chief Randolph, ultimately selected a primary selectee and two alternates. In fact, the primary selectee was also "preference eligible" under the VEOA. Chief Randolph did not select Kowat as either the primary selectee or either alternate. The VEOA provides that preference eligible veterans should not be deprived the right to compete. It does not, however, guarantee that a preference eligible veteran will actually be selected. *See Joseph*, 505 F.3d at 1383-84. Kowat was given an opportunity to compete. The Board's determination, finding no violation of the VEOA, was not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c).

For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

Costs

Each party shall bear its own costs.