**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID L. DAVIDSON, | DOCKET NUMBER |
| Appellant, | AT-3330-14-0603-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: December 15, 2014 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>David L. Davidson</u>, Panama City Beach, Florida, pro se.

<u>Shari L. Oehrle</u>, Pensacola, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant is a GS-7 Contract Specialist in the Naval Acquisition Development Program at the Naval Air Warfare Center in Orlando, Florida. Initial Appeal File (IAF), Tab 1, Continuation Sheet, Question 5. He requested a transfer to Naval Surface Warfare Center Panama City Division (NSWC-PCD) on multiple occasions. *Id*.; IAF, Tab 11 at 24. The appellant alleges that his spouse, an employee at NSWC-PCD, also inquired about "transfer prospects" for him and was told by an agency manager "that he did not want married couples working for him." IAF, Tab 7 at 5

¶3 In addition to his transfer requests, the appellant, who is a preference-eligible veteran, also applied for a GS-7 Contract Specialist position at NSWC-PCD. IAF, Tab 4 at 4-7. The appellant was not selected for the position, but two other preference-eligible veterans were. IAF, Tab 6 at 10-11. The selecting official for this vacancy was the same manager who allegedly told the appellant's wife that he did not want spouses working under his supervision. IAF, Tab 7 at 5-6. According to the appellant, the selecting official checked his references after the selection decision had already been made and only because the appellant complained about his nonselection. *Id*.

¶4 The appellant filed a complaint with the Department of Labor's (DOL) Veterans' Employment and Training Services regarding his nonselection, alleging that his veterans' preference was not considered, he was not evaluated based on merit, and his application did not receive bona fide consideration. IAF, Tab 11 at 20. DOL informed the appellant that it found no violation of his veterans' preference rights and advised the appellant of his right to file a Board appeal. IAF, Tab 7 at 8.

¶5        The appellant filed a Board appeal alleging that the he had been excluded from competition for the position in violation of his veterans' preference.  IAF, Tab 1, Continuation Sheet, Question 5.  The administrative judge issued an acknowledgment order on April 15, 2014, which permitted the parties to engage in discovery.  IAF, Tab 2 at 2.  According to the discovery deadlines established by the acknowledgment order, initial discovery requests were required to be served within 30 days of the date of the acknowledgment order, and initial discovery responses were due no later than 20 days after the date of service.  *Id.*

¶6        The administrative judge also issued an order on VEOA jurisdiction and notice of the proof requirements.  IAF, Tab 3.  After receiving responses from both parties, the administrative judge issued an order notifying the parties that she intended to close the record in the appeal on May 28, 2014.  IAF, Tab 8.  The order gave both parties an opportunity to file additional evidence and argument for consideration.  *Id.*  After the record closed, the administrative judge issued an initial decision finding that the Board had jurisdiction over the appeal but denying the appellant's request for corrective action because the appellant failed to establish that the agency denied him the right to compete for the position at issue.  IAF, Tab 14, Initial Decision at 3.  The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008) (citing *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007); *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007)).  A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome.  *Waters-Lindo v.*

*Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009).  A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited.  *Id*.  Where the parties' submissions contain genuine disputes of material fact that cannot be resolved on the written record, the Board has found it proper to conduct a hearing.  *See, e.g*., *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 18 (2010).

¶8      Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.  5 U.S.C. § 3304(f)(1).  The right to compete under section 3304(f)(1) does not require that the veteran or preference eligible be considered at every stage of the selection process up to that process's final stage but does require that the individual be permitted to compete on the same basis as the other candidates.  *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010).

¶9      It is undisputed that the appellant is a preference-eligible veteran, and the agency accepted applications for the position at issue from individuals outside its own workforce.  IAF, Tab 6 at 6, Tab 9 at 4.  It is also undisputed that the appellant applied for the position, his application was reviewed and the agency deemed him qualified, and his name was forwarded to the selecting official for consideration on the same certificate that was ultimately used to make the selections.  IAF, Tab 11 at 5, Tab 6 at 13-14.  These facts suggest that the appellant received some consideration, which might satisfy the agency's obligation under 5 U.S.C. § 3304(f)(1).  *See, e.g*., *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1383-84 (Fed. Cir. 2007) (finding that a veteran was given a full opportunity to compete when he applied, was found qualified, and was interviewed for a position but not selected); *Harellson*, 113 M.S.P.R. 534,

¶ 11 (stating that the same evidence establishing that the agency accepted and considered the appellant's application also indicates that he was permitted to compete under 5 U.S.C. § 3304(f)(1)).

¶10        Notwithstanding the undisputed facts, however, there remain genuine disputes of material fact regarding what, if any, consideration the selecting official gave the appellant's application.   Specifically, the appellant has established a genuine dispute regarding whether the agency "inappropriately applied nepotism rules," PFR File, Tab 1 at 4, and erroneously eliminated him from consideration, *see supra* ¶¶ 2-3.   The Board has found that a veteran is denied his right to compete under 5 U.S.C. § 3304(f)(1) when an agency accepts his application, and determines that he is qualified, but the selecting official does not give his application any further consideration.   *See, e.g.*, *Shapley v. Department of Homeland Security*, 110 M.S.P.R. 31, ¶¶ 9-17 (2008) (holding that the appellant was denied the right to compete when he was found qualified for a position, was placed on the certificate of eligibles, but the certificate was not provided to the selecting official for consideration).   The appellant alleges that the selecting official improperly excluded him from competition for invalid reasons other than merit, which presents a genuine dispute of material fact.  PFR File, Tab 1 at 10; *cf. Modeste v. Department of Veterans Affairs*, 121 M.S.P.R. 254, ¶¶ 5-6 (2014) (an agency cannot rely on a labor agreement to justify its failure to consider a veteran in violation of 5 U.S.C. § 3304(f)(1) by improperly segregating applicants); *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶ 10 (2010) (an agency's internal policy may not override applicable statutes, including 5 U.S.C. § 3304(f)(1)); *Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶¶ 7-12 (2008) (examining the agency's explanation for not further considering the appellant's application).   Because there remain

genuine disputes of material fact, we find it appropriate to remand this appeal for a hearing on the merits of the appellant's VEOA right-to-compete claim.[2]

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

---

[2] On review the appellant also argues that he was prejudiced when the record closed prior to the agency responding to his discovery requests. PFR File, Tab 1 at 6. The appellant's discovery requests were not submitted as part of his petition for review, and thus the Board is unable to determine whether not receiving responses to those requests was prejudicial to the appellant. However, because the appeal will be remanded for further adjudication, the administrative judge should afford both parties an opportunity to complete any outstanding discovery prior to the hearing.