# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
                Appellant,

        v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
                Agency.

DOCKET NUMBERS
DE-3330-14-0294-I-1
DE-3330-14-0295-I-1
DE-3330-14-0302-I-1

DATE: April 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Marie T. Ransley, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  This appeal involves three separate VEOA nonselection actions which the appellant filed and the administrative judge joined without objection: (1) MSPB Docket No. DE-3330-14-0294-I-1 (0294); (2) MSPB Docket No. DE-3330-14-0295-I-1 (0295); and (3) MSPB Docket No. DE-3330-14-0302-I-1 (0302). 0294, Initial Appeal File (IAF), Tabs 1, 12; 0295, IAF, Tabs 1, 11; 0302, IAF, Tabs 1, 9; *see* 5 C.F.R. § 1201.36(a)(2). The appellant, a 5-point preference-eligible veteran, applied for three different positions with the agency's Center for Disease Control under the following delegated authority vacancy announcements, open to all United States citizens: (1) HHS-CDC-D3-14-1053427, Public Health Advisor, GS-13, 0294, IAF, Tab 5 at 20, 64-70; (2) HHS-CDC-D3-14-1049139, Public Health Advisor, GS-12, 0295, IAF, Tab 5 at 17, 116-23; and (3) HHS-CDC-D4-14-1058639, Public Health Analyst, GS-15, 0302, IAF, Tab 5 at 12, 63-69. Each of those announcements indicated that the agency had concurrently issued another vacancy announcement bearing a different number for the same position under merit promotion procedures and specifically advised applicants that they must apply separately for each announcement in order to be considered under both

procedures. 0294, IAF, Tab 5 at 65; 0295, IAF, Tab 5 at 117; 0302, IAF, Tab 5 at 63.[2] It is undisputed that the appellant only applied for the vacancy announcements issued under the agency's delegated authority and, therefore, he did not apply for those issued under merit promotion procedures. *See* 0294, IAF, Tab 37, Initial Decision (ID) at 2-3. The agency made its selections for all three positions through the concurrent vacancy announcements it issued under merit promotion procedures, for which the appellant did not apply. 0294, IAF, Tab 30 at 27, 30, 34.

¶3      The appellant timely filed complaints with the Department of Labor (DOL) exhausting his administrative remedies with regard to each of the three vacancy announcements for which he applied. After DOL notified him that it had completed its investigation into his claims that the agency failed to properly consider his veterans' preference, the appellant timely filed the instant Board appeals. 0294, IAF, Tab 1 at 4, 9; 0295, IAF, Tab 1 at 4, 9; 0302, IAF, Tab 1 at 4, 9. Because he found no genuine dispute of material fact, the administrative judge denied each of the appellant's requests for corrective action without holding a hearing. ID at 2. Specifically, the administrative judge found that in each instance, because the record established that the agency lawfully selected its appointees through the internal merit promotion vacancy announcements under each position and not from the delegated authority vacancy announcements for which the appellant applied, the agency did not violate his rights under VEOA. ID at 5-6.

¶4      In his timely-filed petition for review, the appellant argues that the administrative judge was biased against him. Petition for Review (PFR) File, Tab 1 at 4, 6-10. The appellant also challenges the administrative judge's decision to

---

[2] The announcement numbers for the merit promotion vacancy announcements involved in this matter are respectively: (1) HHS-CDC-M3-14-1053286, 0294, IAF, Tab 5 at 65; (2) HHS-CDC-M3-14-1049142, 0295, IAF, Tab 5 at 117; and (3) HHS-CDC-M4-14-1051623, 0302, IAF, Tab 5 at 117.

forego a hearing and decide the appeal on the written record. *Id.* at 10-15. The agency responded in opposition to the appellant's petition and the appellant replied to the agency's response. PFR File, Tabs 2, 4.

¶5    In pertinent part, to be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). We agree with the administrative judge that the appellant has not shown that the agency violated his veterans' preference rights in this case when it made its selections from the merit promotion certificates issued pursuant to the merit promotion announcements, for which he did not apply. An agency has the discretion to fill a vacant position by any authorized method, and the Board's reviewing court has held that there is nothing preventing an agency from soliciting applications from the public and from merit promotion applicants simultaneously and filling the vacant position from the merit promotion certificate. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1384 (Fed. Cir. 2007) (finding that the agency did not violate VEOA by conducting "simultaneous parallel procedures under the competitive examination and merit promotion processes to fill the same position" and selecting someone other than the veteran under the merit promotion process); *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008).

¶6    Moreover, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Because the unrebutted record reflects that the agency filled all the positions at issue through the merit promotion process, ID at 5; *see* 0294, IAF, Tab 30 at 27, 30, 34, we agree with the administrative judge that there is no genuine issue of material fact and find that the administrative judge properly denied the appellant's request for corrective action on the written record.

¶7        Regarding the appellant's claim that the administrative judge was biased against him, in making such a claim, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  Further, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant filed a motion in the appeal below to disqualify the administrative judge, in which he explicitly explained why he feels that the administrative judge was biased against him.  0294, IAF, Tab 21.  In his ruling on the appellant's motion, the administrative judge provided a detailed explanation of why the appellant failed to meet the above cited burden.  0294, IAF, Tab 25.  The appellant repeats his arguments on review.  PFR File, Tab 1 at 6-10, Tab 4 at 6-10.  We agree with the administrative judge's analysis and find that the appellant's arguments on review do not show that the administrative judge either erred or abused his discretion in this matter.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.