# United States Court of Appeals for the Federal Circuit

2007-3073

DEVON JOSEPH,

Petitioner,

v.

FEDERAL TRADE COMMISSION,

Respondent.

Doris G. Traub, Traub & Traub, P.C., of New York, New York, argued for petitioner.

John C. O'Quinn, Deputy Associate Attorney General, Civil Division, Appellate Staff, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, and Thomas M. Bondy, Attorney.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3073

DEVON JOSEPH,

Petitioner,

v.

FEDERAL TRADE COMMISSION,

Respondent.

_____

DECIDED:  NOVEMBER 5,  2007

_____


Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.


An unsuccessful applicant for a specific federal position contends that the agency's procedure in filling the vacancy denied him his veterans' preference rights. The Merit Systems Protection Board ("Board") rejected this contention, as do we.

I

A.      Federal agencies generally use two types of selection to fill vacancies: (1) the open "competitive examination" process and (2) the "merit promotion" process. See 5 C.F.R. §§ 330.101, 332.101, 335.103 (2007).

The open competitive examination generally is used for employees seeking to join the competitive service and often is used for reviewing applicants outside the agency.  Under this process, applicants for employment are given a numerical rating

and placed on a list of qualified personnel for appointment. 5 C.F.R. § 2.1. The applicants with the three highest ratings are submitted to the appointing official, who is ordinarily required to select one of them. 5 U.S.C. § 3318(a) (1978).

Veterans seeking such employment are given special advantages. Five or ten points are added to their competitive score to determine their final rating. See 5 U.S.C. § 3309; 5 C.F.R. § 337.101(b). They are ranked ahead of others with the same score. See 5 U.S.C. § 3313; 5 C.F.R. § 332.401. If a veteran has the highest numerical rating on the list, the agency must appoint that individual, unless the agency seeks and receives from the Office of Personnel Management ("OPM") written authority to appoint someone ranking below the veteran. 5 U.S.C. § 3318(b); see Scharein v. Dep't of Navy, 91 M.S.P.R. 329, 334 (2002).

The merit promotion process is used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has "status" in the competitive service. See 5 C.F.R. § 335.103(b)(1); see also Perkins v. United States Postal Serv., 100 M.S.P.R. 48, 51 (2005).

Veterans' point preferences under the competitive appointment process do not apply in the merit promotion process. Perkins, 100 M.S.P.R. at 51. Congress has provided, however, that "for all merit promotion announcements . . . veterans . . . are eligible to apply." 5 U.S.C. §§ 3304(f)(3) – (4). Veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). Congress further provided,

however, that the latter provision does not "confer an entitlement to veterans' preference that is not otherwise required by law."  5 U.S.C. § 3304(f)(3).

B.    In 2004 the Federal Trade Commission ("Commission") announced that it would appoint a paralegal and invited applications for the position.  Joseph v. Fed. Trade Comm'n, 103 M.S.P.R. 684, 685-86 (2006).  The announcement stated that the Commission could consider applicants under both merit promotion and open competitive procedures if they either submitted two applications or indicated they wanted to be considered under both procedures.  Id. at 686.

The petitioner Devon Joseph, a veteran employed by another federal agency, applied for the position and requested that he be considered under both procedures.  Id. The Commission evaluated and rated all of the applicants under both procedures.  Id. The Commission then prepared a merit promotion list that alphabetically listed the four applicants with the highest numerical ratings.  Id.  Joseph and Cheryl Thomas, a Commission employee whom the agency ultimately selected for the position, were among the four.  Id.  The Commission also listed the three top applicants rated under the competitive process.  Id.  Joseph was ranked first on that list — a ranking that reflected a ten point veterans' preference.  Id.  Ms. Thomas was not listed on the competitive list.  Id.

The Commission decided to make the appointment from the merit promotion list. It interviewed the four candidates on that list, including Joseph, and selected Ms. Thomas, a non-veteran.  Id.

After unsuccessfully challenging his non-appointment before the Department of Labor, pursuant to 5 U.S.C. § 3330(a)(1), as violating his veterans' preference rights,

Joseph appealed his non-selection to the Board. Because he was a Board employee, the Board referred the complaint to the National Labor Relations Board for adjudication by one of that agency's administrative law judges. In his initial decision the administrative law judge sustained Joseph's contention and ordered his selection. The Board, however, reversed. The Board held that Joseph

> received veterans' preference in the competitive examination that the agency used to assess external candidates for the Paralegal Specialist position. The appellant did not receive veterans' preference in the concurrent assessment that the agency conducted under merit promotion procedures, but as explained above, an individual is not entitled to veterans' preference under merit promotion procedures. See Perkins, 100 M.S.P.R. 48, ¶ 9. The ALJ committed a clear error of law in concluding that the appellant's veterans' preference rights were violated.

Id. at 688.

II

Joseph does not challenge the Commission's simultaneous use of the open competition examination process (in which his veterans' ten-point preference was recognized) and the merit promotion process (in which that preference was not recognized) to fill a single position. He challenges only the way the Commission used the two processes to make its selection. He contends that having conducted the open competition process, in which he was at the top of the list after receiving a ten point veterans' preference, the Commission could not then make its selection from the merit process list, which did not reflect his veterans' preference. Such selection, he contends, denied him his preference rights.

The statutory and regulatory provisions defining veterans' rights in seeking and obtaining federal employment require rejection of this contention.

The addition of points to a veteran's score because of his status applies only in the open competition examination process and not in the merit appointment process. The Commission fully recognized Joseph's veterans' preference in the competitive examination process when it added ten-points to his score because he was a disabled veteran. If the Commission had made its selection by that process, presumably it would have selected Joseph, unless it had obtained OPM authority to choose someone else.

The Commission, however, made the appointment not under that process but under the merit promotion process, in which the requirement to appoint a veteran who is at the top of the list did not apply. The question is whether the provisions governing veterans' rights under merit promotion procedures precluded the Commission from doing so. The answer is no.

Unlike the statutes governing open competition applicants, under which a veteran's numerical rating is increased because of his status and a veteran ordinarily is appointed if he is at the top of the list, Congress adopted a different approach in dealing with veterans and merit promotion. It guaranteed veterans only a right to apply and an opportunity to compete for such positions. It said nothing about the basis upon which the agency could make its selection.

The critical statutory provision is 5 U.S.C. § 3304(f)(1), which was added to the veterans statutes by the Veterans Employment Opportunity Act of 1998 ("VEOA"). It provides that "all merit promotion announcements . . . shall indicate that . . . veterans . . . are eligible to apply . . ." and that specified categories of veterans

> may not be denied the opportunity to compete for vacant positions for which the agency . . . will accept applications from individuals outside its own workforce under merit promotion procedures.

All that this latter provision entitles veterans to is "the opportunity to compete for vacant positions" to be filled "under merit promotion procedures." Indeed, the same statute also provides that this "opportunity to compete" provision "shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law." As the Board has correctly pointed out, "an employee is not entitled to veterans' preference in the merit promotion process." Perkins, 100 M.S.P.R. at 51.

Joseph was given a full "opportunity to compete" in the merit selection process by which the appointment was made. He filed his application, and he was one of four applicants who qualified for final consideration. He, like the other three in that group, was interviewed before the final selection was made. The fact that he was not selected does not mean that he did not have a full "opportunity to compete"; it means only that, after such competition, he was not selected.

Joseph received his ten point veterans' preference under the competitive examination procedure, but the Commission then decided to make the appointment under the alternative merit promotion procedure. We know of no statute or regulatory provision that required the Commission, once it undertook to inaugurate the selection process by following the alternative procedure, to limit itself to the competitive examination process in making its final selection. As the Board pointed out in this case, "[a]n agency has the discretion to fill a vacant position by any authorized method. 5 C.F.R. § 330.101; Sherwood v. Department of Veterans Affairs, 88 M.S.P.R. 208, ¶ 10 (2001)." Joseph, 103 M.S.P.R. at 689. Joseph's argument would preclude the agency from using the selection process that it deems most suitable for filling the particular vacancy.

This court rejected a comparable attempt to invalidate a non-appointment because it denied veterans' preference rights in Abell v. Department of the Navy, 343 F.3d 1378 (Fed. Cir. 2003). There the Navy announced three vacancies for the same position and that it would consider applications under both merit promotion and competitive examination procedures. Id. at 1380. Abell, a veteran, applied for any one of those positions. Id. The Navy appointed other applicants to two of the positions — one under the merit promotion process and the other under the competitive examination process. Id. at 1381. It then cancelled the third vacancy. Id.

Abell challenged the Navy's cancellation of the third vacancy as violating his veterans' preference rights because such action denied him the opportunity to compete for that position. Id. at 1381-82. We sustained the Navy's action. We "h[e]ld that Mr. Abell was not denied his opportunity to compete by virtue of the Navy's decision to cancel the vacancy announcement." Id. at 1384. We explained:

> The VEOA required that the Navy give Mr. Abell the opportunity to compete for the three vacant positions; the VEOA did not require that the Navy give Mr. Abell a position if he scored the most points. The Navy reasonably relied on its interview process to determine that Mr. Abell did not meet the qualifications required for the position. In short, Mr. Abell had the opportunity to compete and did compete; the Navy's decision not to fill the position did not violate Mr. Abell's rights under the VEOA.

Id. at 1384-85.

Similar reasoning applies in this case and requires the same conclusion. Although the issue in Abell was the Navy's right to cancel the third vacancy after filling the other two, there are significant similarities between that case and the present one. In both cases the agency conducted simultaneous parallel procedures under the

competitive examination and merit promotion processes to fill the same position. In both cases the alleged violation of the veteran's preference stems from the agency's failure to appoint the veteran to a position he sought — in Abell by canceling the position, and in the present case by making the selection under the merit promotion process, in which someone other than the veteran was selected. In both cases the dispositive issue is whether the employing agency denied the applicant the opportunity to compete. Just as the Navy did not deny such an opportunity when it cancelled the third vacancy, so the Commission also did not deny the opportunity to compete by selecting another applicant under its merit promotion process.

By changing a few words to reflect the different facts in the present case, the following statement from the Abell opinion quoted above is equally applicable in the present case:

> The [Commission] gave Mr. [Joseph] the opportunity to compete for the . . . vacant position[;] the VEOA did not require that the [Commission] give Mr. [Joseph] a position if he scored the most points. . . . In short, Mr. [Joseph] had the opportunity to compete and did compete; the [Commission's] decision . . . to fill the position [through the merit system rather than through the competitive process] did not violate Mr. [Joseph's] rights under the VEOA.

Id. at 1384-85.

## CONCLUSION

The decision of the Merit Systems Protection Board is

## AFFIRMED.