NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3056

ANDY BOCTOR,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Andy Boctor, of Santa Monica, California, pro se.

Hillary A. Stern, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3056

ANDY BOCTOR,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in SF3330080342-I-1.

_____

DECIDED: August 11, 2009

_____

Before RADER, PLAGER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

Andy Boctor petitions for review of a decision of the Merit Systems Protection Board (Board) regarding his application for a position with the Department of Veterans Affairs (DVA or agency).[1] The Board denied Mr. Boctor's request for corrective action after determining that the agency's decision not to select him for the position did not violate the Veterans Employment Opportunities Act of 1998 (VEOA). We <u>affirm</u>.

---

[1] <u>Boctor v. Dep't of Veterans Affairs</u>, No. SF-3330-08-0342-I-1 (July 15, 2008) (initial decision); <u>Boctor v. Dep't of Veterans Affairs</u>, No. SF-3330-08-0342-I-1 (Sept. 19, 2008) (final order denying petition for review).

On April 4, 2007, the agency issued a vacancy announcement for the position of Program Specialist at the GS-7 or GS-9 level to be filled using merit promotion procedures. The position was open to current agency employees as well as certain other groups, including U.S. citizens who were eligible under the Veterans Readjustment Act (VRA) and the VEOA. The announcement advised applicants that they needed one year of specialized experience equivalent to the next lower grade level and described the specialized experience required to apply for the GS-7 and GS-9 positions.

Mr. Boctor, who was both VRA and VEOA eligible, applied for the GS-9 position. The human resources specialist who reviewed Mr. Boctor's application concluded that his application did not show he had the specialized experience required by the vacancy announcement and therefore did not meet the minimum qualifications for the position. His name was not included on the Certificate of Qualified Candidates, and the DVA ultimately selected an agency employee for the GS-9 position.

After learning that he was not selected, Mr. Boctor filed a claim with the Department of Labor, Veterans' Employment and Training Service, alleging that his veterans' preference rights had been violated. The Department found his complaint to be without merit, and Mr. Boctor filed an appeal with the Board. An administrative judge denied his appeal in an initial decision, which became the final decision of the Board when his petition for review was denied.

We review a decision of the Board to determine, among other things, whether it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c).

The issue in this case is whether the agency violated the VEOA when it did not select Mr. Boctor for the Program Specialist position, which was filled using the merit promotion process. In contrast to the competitive examination process, which gives veterans certain advantages such as additional points in their ratings scores, 5 U.S.C. § 3309, the merit promotion process simply gives a veteran the "opportunity to compete" for vacancies that are otherwise open only to current agency employees. See 5 U.S.C. § 3304(f)(1) ("[Under the VEOA, veterans] may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures."); see also Joseph v. FTC, 505 F.3d 1380, 1381-84 (Fed. Cir. 2007) (explaining advantages given to veterans under the competitive examination and merit promotion processes).

Mr. Boctor argues on appeal that he was not given the "opportunity to compete" because the agency used "exaggerated minimum qualification requirements" to disqualify him from competing for the GS-9 position. His assertion seems to be based on an erroneous reading of the vacancy announcement. Under the heading "Qualification Requirements," adjacent to the term "GS-07," the announcement describes specialized experience for the GS-7 position. Specialized experience for the GS-9 position is described next, adjacent to the term "GS-09." The human resources specialist who evaluated Mr. Boctor's application testified that it was not evident from the materials he submitted that he had experience with any of the activities listed as specialized experience for the GS-9 position.

Mr. Boctor apparently reads the description of specialized experience *necessary* to apply for each level as a description of the specialized experience *possessed* by an employee at that grade level and that would be necessary to apply for the next higher grade level. In other words, Mr. Boctor contends that as an applicant for the GS-9 position, he only needed the experience listed for the GS-7 position, and he argues the agency erred by applying the specialized experience adjacent to the term "GS-09" in evaluating his application. While the wording of the announcement could be clearer, Mr. Boctor's reading is incorrect and illogical. Under his interpretation, the vacancy announcement would describe specialized experience required for a GS-11 position, which was not covered by the announcement, and would fail to describe the specialized experience required for the GS-7 position that was part of the vacancy announcement. The agency applied the correct standard in evaluating Mr. Boctor's application.

Mr. Boctor also argues that he must have met the minimum qualifications for the GS-9 position because he received a "best qualified" rating when applying for a GS-11 management position with the agency. There is no doubt from the record that Mr. Boctor is well-educated and has many qualifications, but, as the Board found, Mr. Boctor did not submit evidence that the experience required for the GS-11 position was the same as that required for the GS-9 position. Without such evidence, Mr. Boctor's rating for the GS-11 position is irrelevant to his non-selection for the GS-9 position.

Based on our review of the record, we cannot say the Board erred in concluding that Mr. Boctor was given the "opportunity to compete" for the GS-9 position as required by the VEOA. The Board's determination that the agency did not violate the VEOA was

not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence. <u>See</u> 5 U.S.C. § 7703(c).

## COSTS

Each party shall bear its own costs.