NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3180

GARY N. LYNCH,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Gary N. Lynch, of Goldsboro, North Carolina, pro se.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3180

GARY N. LYNCH,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in
DC3330080789-I-1.

_____

DECIDED: October 8, 2009

_____

Before RADER, PLAGER, and MOORE, Circuit Judges.

PER CURIAM.

Gary N. Lynch petitions for review of a decision of the Merit Systems Protection

Board (Board) regarding his application for a position with the Department of Defense

(agency).[1]  The Board denied Mr. Lynch's request for corrective action after determining

that the agency's decision not to select him for the position did not violate the Veterans

Employment Opportunities Act of 1998 (VEOA).  We affirm.

---

[1]        Lynch v. Dep't of Def., No. DC-3330-08-0789-I-1 (M.S.P.B. Jan. 9, 2009)
(initial decision); Lynch v. Dep't of Def., No. DC-3330-08-0789-I-1 (M.S.P.B. Mar. 31,
2009) (final order denying petition for review).

Mr. Lynch, a preference-eligible veteran, is currently employed by the agency as a Quality Assurance Specialist, GS-1910-11. In June 2008, he applied for the position of Quality Assurance Specialist, GS-1910-12, which was a vacant position within the agency. The vacancy was open only to agency employees serving on a career or career-conditional appointment, reinstatement eligible employees, interagency career transition assistance plan eligibles, and preference eligibles. The position was in the competitive service and was to be filled using merit promotion procedures.

The agency selected a non-preference eligible for the position; Mr. Lynch was the first alternate. Mr. Lynch filed a claim with the Department of Labor, Veterans' Employment and Training Service, alleging that his veterans' preference rights had been violated because the agency did not seek passover authority from the Office of Personnel Management (OPM) as directed by 5 U.S.C. § 3318 before selecting a non-preference eligible instead of him. After the Department of Labor failed to resolve his claim, Mr. Lynch filed an appeal with the Board. An administrative judge denied his appeal in an initial decision, which became the final decision of the Board when his petition for review was denied.

We review a decision of the Board to determine, among other things, whether it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c).

Mr. Lynch argues that the agency violated the VEOA when it selected another applicant for the vacant position without following the passover procedures of 5 U.S.C. § 3318. Under that provision, when an agency "proposes to pass over a preference eligible on a certificate in order to select an individual who is not a preference eligible,

[the agency] shall file written reasons with [OPM] for passing over the preference eligible." 5 U.S.C. § 3318(b)(1). Section 3318, however, applies only when an agency fills a position using the "competitive examination" process, which generally is used when the agency seeks applicants from outside the competitive service. See Joseph v. FTC, 505 F.3d 1380, 1381-82 (Fed. Cir. 2007). Under that process, applicants are given numerical ratings, and the appointing official ordinarily must select an applicant from a certificate containing the names of the applicants with the three highest ratings. See id. at 1381. Veterans seeking employment under the competitive examination process are given advantages such as additional points in their ratings scores, 5 U.S.C. § 3309, and they receive the benefit of the passover rules set forth in § 3318. See Joseph, 505 F.3d at 1381-82.

In this case, the agency elected to fill the vacancy for which Mr. Lynch applied using the "merit promotion" process rather than the competitive examination process, a decision that was within the agency's discretion. See 5 C.F.R. § 330.101 ("An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter."). Veterans' point preferences do not apply in the merit promotion process, which instead gives veterans the "opportunity to compete" for vacancies that are otherwise open only to current agency employees. See 5 U.S.C. § 3304(f)(1) ("[Under the VEOA, veterans] may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures."); see also Joseph, 505 F.3d at 1382.

Mr. Lynch appears to argue that he should not be denied veterans' preference rights simply because he was already an employee of the agency. As discussed, however, the advantage given to veterans in the merit promotion process is the opportunity to compete for positions that otherwise might not be open to them. Nothing in the law entitles a veteran who is employed by the agency to be given any additional benefit.

Because the position for which Mr. Lynch applied was filled using the merit promotion process, the passover provision in 5 U.S.C. § 3318 is inapplicable. Therefore, Mr. Lynch's argument that the agency was required to seek passover authority from OPM is without merit. The Board's determination that the agency did not violate the VEOA was not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c).

## COSTS

Each party shall bear its own costs.