NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARY MCLEOD MANN,**
*Petitioner,*

v.

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2012-3059

---

Petition for review of the Merit Systems Protection Board in Case No. AT3330110335-I-1.

---

Decided: September 28, 2012

---

GARY MCLEOD MANN, of Hinesville, Georgia, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Petitioner, Mr. Gary McLeod Mann, seeks review of the decision of the Merit Systems Protection Board in *Mann v. Department of the Army*, No. AT3330110335-I-1 (M.S.P.B. Nov. 4, 2011), holding that the Army did not violate Mr. Mann's rights under the Veterans Employment Opportunities Act (VEOA) by not selecting Mr. Mann for a Supply Systems Analyst position. We affirm the Board's decision.

DISCUSSION

On September 10, 2010, the Department of the Army, South Central Area Civilian Personnel Operations Center, issued a "merit promotion" announcement for the position of Supply Systems Analyst in the Directorate of Logistics at Fort Stewart, Georgia. Eligibility was limited to "Federal employees serving on a career or career-conditional appointment," and a few other categories including VEOA eligible veterans. **[SA77]** On September 14, 2010, the Army issued a "competitive" announcement for the same position, open to all U.S. citizens and to be filled by competitive procedures.

Mr. Mann's resume was already on file in the Army's centralized electronic resume database at the time of these announcements. On September 19, 2010 Mr. Mann responded to the competitive announcement; he did not apply under the merit promotion announcement. The Army referred to the selecting official certificates from both the merit promotion announcement and the competitive announcement. The competitive certificate contained three names, but did not include Mr. Mann. After reviewing both

certificates, the selecting official made a selection from the merit promotion certificate.

On September 23, 2010 the Army notified Mr. Mann that he "was not among the top competitors" for the position, and that his application was not referred to the selecting official. The Army stated that Mr. Mann's application was assigned a score of 86, plus ten points for his disabled veteran preference status, for a total score of 96. The Army states that approximately 180 persons applied to the position, and that the top three qualified candidates had scores of at least 106 and were also preference eligible veterans.

Mr. Mann filed a complaint with the Veterans Employment and Training Service of the Department of Labor, stating that he was improperly denied credit for his prior experience and for his veterans preference. The Department of Labor issued a determination, stating that "evidence submitted by the Department of the Army, Fort Stewart, GA proves that the agency did not overlook your status as a 10 point disabled veteran." The determination also stated that the position was not filled by the recruitment method to which Mr. Mann had applied, and that "[t]he recruitment action was returned by the selecting officer without selection." **[SA85]** The Department of Labor concluded that Mr. Mann's rights were not violated.

Mr. Mann appealed to the MSPB, and filed discovery requests. The Army objected to some of the requests, but responded without waiving its objections. The MSPB denied a Motion to Compel Discovery, stating: "Although the appellant is correct that the agency objected to each of his requests for admissions, it nevertheless admitted or denied each assertion as requested." The MSPB concluded that "Mann has failed to establish that he had not received full responses from the agency to both of his requests for discov-

ery. In these circumstances, we find no error in the denial of Mann's Motion to Compel Discovery."

On the merits, the MSPB found "no evidence to support either the appellant's claim that the agency failed to grant him credit for job-related experience which was interrupted by military service, or his claim that the agency failed to grant him extra points for veterans preference." The MSPB further found no evidentiary support for Mr. Mann's argument that he would have done better if the selection had been made from the merit promotion list, citing *Brewer v. Department of Veterans Affairs*, 111 M.S.P.R. 563, P 8 (2009). The MSPB held that Mr. Mann had not established entitlement to relief.

On this appeal, Mr. Mann states that the MSPB incorrectly applied the Uniformed Services Employment and Reemployment Rights Act (USERRA), and that the VEOA law was not correctly applied in reviewing his application, evaluating his experience, and making the selection. Mr. Mann argues that the Army "should have examined and rated his application, crediting him for the actual duties performed in the Army, and other job-related experience material to the Supply Systems Analyst position; added additional points above his earned rating for his preference eligible status, and entered his name on appropriate register or lists of eligibles." Mr. Mann states that the Army "failed or refused to furnish petitioner true copies of any and all documents and evidence upon which it relied" in answering the interrogatories, and that the MSPB improperly denied his Motion to Compel Discovery. The Army responds that although the Army raised objections to the discovery requests, it also provided answers to them. We take note that the record contains documents showing interrogatory answers.

The MSPB considered the discovery responses, the information concerning the persons who had higher scores than those of Mr. Mann, and the evidence concerning the hiring officer's use of the merit selection process instead of the competitive process. The MSPB determined that Mr. Mann's application had received appropriate consideration, including the correct ten point addition to his score reflecting his preferential status as a veteran. There was substantial evidence in support of the MSPB's conclusion that the agency's actions were in accordance with law. *See Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988) ("This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful.") *See also Joseph v. Federal Trade Comm'm*, 505 F.3d 1380, 1385 (Fed. Cir. 2007) (a veteran's rights under the VEOA are not violated by the agency's decision to fill a position by merit promotion procedures instead of through the competitive process). We affirm the Board's ruling that the Army complied with the USERRA and the VEOA in its consideration of Mr. Mann's application.

No costs.

**AFFIRMED.**