**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
2016 MSPB 8

Docket No. DC-3330-14-0993-I-1

**Thomas V. Montgomery, III,**

**Appellant,**

**v.**

**Department of Health and Human Services,**

**Agency.**

February 5, 2016

Thomas V. Montgomery, III, Centreville, Virginia, pro se.

Kathleen Mee, Washington, D.C., for the agency.

Randolph Gadson, Bethesda, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  For the following reasons, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Opinion and Order.

## BACKGROUND

¶2    The appellant alleges that he was denied the right to compete when the agency transferred an employee from outside its workforce into a GS-1701-15 Supervisory Organizational Development Specialist position in the competitive service without advertising the vacancy.  Initial Appeal File (IAF), Tab 1 at 4-5.  The administrative judge notified the appellant that the Board may not have jurisdiction over his appeal, explained the jurisdictional requirements under VEOA, and ordered the appellant to file evidence and argument establishing the Board's jurisdiction.  IAF, Tab 3 at 3.  In response, the appellant filed evidence establishing that he is a preference-eligible veteran and argued that the agency violated his right to a fair and equal opportunity to compete for a position it filled with a candidate from outside its workforce without advertising the vacancy.  IAF, Tab 4.  The appellant also filed a letter from the Department of Labor (DOL) closing its investigation into his complaint.  IAF, Tab 6.  The administrative judge issued a decision on the merits, without holding a hearing, denying the appellant's request for corrective action.  IAF, Tab 12, Initial Decision (ID) at 4.  The administrative judge found that the appellant had not shown that his right to compete was denied because the agency had discretion to fill the vacancy by any authorized method, and the appellant had not shown that he was qualified for the position.  ID at 3-4.

¶3    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 2.  He argues that the administrative judge was biased.  *Id.* at 4.  He also argues that the administrative judge erred in finding that he was not qualified for the position.  PFR File, Tab 3.  After filing his petition for review, the appellant filed two additional pleadings.  PFR File, Tabs 2-3.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 6.  The appellant has filed a reply to the agency's response.  PFR File, Tabs 7-9.

**ANALYSIS**

The Board has jurisdiction over the appellant's claim that the agency denied his right to compete under 5 U.S.C. § 3304(f)(1).

¶4        The appellant argues that the agency's failure to announce the vacancy denied him his right to compete for the position.  PFR File, Tab 1 at 6.  As part of VEOA, Congress amended 5 U.S.C. § 3304 to add the following:

> Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

5 U.S.C. § 3304(f)(1).  Affected individuals may seek administrative redress for a violation of their rights under 5 U.S.C. § 3304(f)(1) by filing a complaint with the Secretary of Labor and, after exhaustion of that process, filing a timely appeal with the Board.  *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶ 6 (2010); *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶¶ 12-16 (2006); *see* 5 U.S.C. § 3330a(a)(1), (d).[1]

¶5        The appellant has made a nonfrivolous allegation that he is both a preference eligible and a veteran who was separated from the armed forces under honorable conditions after 3 years of active service.  IAF, Tab 4 at 5-7.  The appellant also has presented evidence that he has exhausted his remedy before DOL regarding his claim.  IAF, Tab 6.  It is undisputed that the agency filled a vacant position in the competitive service with an applicant from outside its workforce without advertising the vacancy and that the selection at issue took place in 2014, after the enactment of VEOA and the Veterans Benefits Improvement Act of 2004.  IAF, Tab 8 at 7; PFR File, Tab 6 at 4.  An agency may

---

[1] At first, this redress right was available only to preference eligibles, but the Veterans Benefits Improvement Act of 2004 granted affected veterans the right to seek redress for violations of the right to compete under 5 U.S.C. § 3304(f)(1).  *Walker*, 104 M.S.P.R. 96, ¶ 14; *see* 5 U.S.C. § 3330a(a)(1)(B).

violate section 3304(f)(1) when, for example, it deprives a preference eligible or covered veteran the right to apply by filling a position without required public notice. *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 28 (2010). Regulations of the Office of Personnel Management (OPM) require that "[a]n agency must announce all vacancies it intends to fill from outside its permanent competitive service workforce." 5 C.F.R. § 330.706(c); *see* 5 C.F.R. §§ 330.103, 335.106. Based on the foregoing, we find that the Board has jurisdiction over the appellant's right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(A)[2] and (a)(1)(B). *See Styslinger v. Department of the Army*, 105 M.S.P.R. 223, ¶ 31 (2007).

The appeal must be remanded because there are genuine issues of material fact that cannot be resolved on the current record.

¶6 As stated in the initial decision, agencies are permitted to fill vacancies by any authorized method. ID at 3; *Shapley v. Department of Homeland Security*, 110 M.S.P.R. 31, ¶ 13 (2008). However, the Board will review the method used by an agency to fill a vacancy to determine if it is authorized when the use of an unauthorized method could have denied covered individuals the right to compete. *See Dean*, 115 M.S.P.R. 157, ¶ 28; *see also Dean v. Department of Agriculture*, 104 M.S.P.R. 1, ¶¶ 17-21 (2006) (examining whether the agency was authorized to fill a vacancy using the Outstanding Scholar Program). We find that there is insufficient evidence in the record to determine if the agency denied the appellant the right to compete in filling the vacancy at issue in this appeal.

¶7 The agency argues that, because it filled the vacancy via a transfer pursuant to 5 C.F.R. § 315.501, "outside" of merit promotion procedures, it was not required to give covered individuals the right to compete pursuant to 5 U.S.C.

---

[2] The Board has found that 5 U.S.C. § 3304(f)(1) is a statute relating to veterans' preference for which VEOA provides a remedy. *Walker*, 104 M.S.P.R. 96, ¶ 16.

§ 3304(f)(1).[3]  IAF, Tab 8 at 5-6; PFR File, Tab 6 at 10-11.  However, in deference to OPM's regulations and guidance, the Board has held that the right to compete under 5 U.S.C. § 3304(f)(1) is not limited merely to situations in which an agency elects to use merit promotion procedures, but rather is triggered when an agency accepts applications from individuals outside its own workforce. *Dean*, 115 M.S.P.R. 157, ¶ 28 & n.11; *Brandt v. Department of the Air Force*, 103 M.S.P.R. 671, ¶¶ 10-15 (2006); *see* 5 C.F.R. § 335.106.  The agency cites *Villamarzo v. Environmental Protection Agency*, 92 M.S.P.R. 159 (2002), in support of its theory that transferring a Federal employee without using merit promotion procedures does not implicate the right to compete in 5 U.S.C. § 3304(f)(1).  PFR File, Tab 6 at 10.  In *Villamarzo*, however, the agency filled a vacancy with an employee from within the agency's own workforce.  92 M.S.P.R. 159, ¶¶ 2, 6.  Here, the agency filled the position with an applicant from outside its workforce, and based on the evidence and argument before us, it does not appear that the agency's invocation of its transfer authority under 5 C.F.R. § 315.501 negates the statutory right of a preference eligible or covered veteran to compete under 5 U.S.C. § 3304(f)(1).  *See Dean*, 115 M.S.P.R. 157, ¶ 28 & n.11; *Brandt*, 103 M.S.P.R. 671, ¶¶ 10-15.

¶8    The agency alternatively maintains that, even if the appellant had a right to compete under section 3304(f)(1), his right was not violated because it relied on an internal standard operating procedure to "share" a selection certificate for another advertised vacancy for an allegedly comparable position.  PFR File, Tab 6 at 5, 10-11.  Specifically, the agency asserts that it posted a vacancy

---

[3] There are two types of selection procedures generally used to fill vacancies in the competitive service:  (1) the open "competitive examination" process generally used for candidates seeking to join the competitive service; and (2) the "merit promotion" process used when a position is filled from within an agency's workforce or by an applicant from outside the agency who has "status" in the competitive service such as a competitive service employee at another agency. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381-82 (Fed. Cir. 2007).

announcement for the position of Director, Division of Learning and Organizational Development, GS-1701-15, and that the appellant applied for that position but was not selected. *Id.* at 11. The agency claims that, using its Standard Operating Procedure on Shared Certificates, it determined that another individual who had applied for the Director position was highly qualified for the allegedly similar position of Supervisory Organizational Development Specialist, GS-1701-15. *Id.* The agency then transferred that individual from another Federal agency into the Supervisory Organizational Development Specialist position without specifically announcing that vacancy. *Id.*; IAF, Tab 8 at 7.

¶9        An agency's internal policy may not override applicable statutes, including 5 U.S.C. § 3304(f)(1). *Gingery*, 114 M.S.P.R. 175, ¶ 10; *Boctor v. U.S. Postal Service*, 110 M.S.P.R. 580, ¶ 9 (2009). The record must be developed further regarding the agency's use of its standard operating procedure to fill the vacancy at issue before a determination can be made as to whether the agency's process afforded the appellant his right to compete. The agency's standard operating procedure states that shared certificates are appropriate to fill regularly recurring vacancies that "match" in job title, series, grade, geographical location, specialized experience requirements, job knowledge, skills, and abilities, as well as selective factors. PFR File, Tab 6 at 31-32. The agency's standard operating procedure also requires that an open selection certificate be used within a 90-day period of when originally issued. *Id.* at 32.

¶10       However, the record must be developed regarding whether the agency appropriately followed its own procedures here. For instance, the record contains insufficient evidence concerning the Supervisory Organizational Development Specialist position to determine if it is a regularly recurring vacancy that "matched" the Director, Division of Learning and Organizational Development position in the ways specified by the standard operating procedure. There is also insufficient evidence to determine if the agency complied with other relevant

provisions in its standard operating procedures, such as the time limit for using a shared certificate.

¶11      The record also must be fully developed regarding what consideration, if any, was given to candidates for the position other than the selectee. The appellant was on the selection certificate for the Director, Division of Learning and Organizational Development position, but it is unclear what, if any, information about him was provided to the selecting official for this position. If, for instance, as the appellant alleges, the selectee was preselected and none of the other applicants for the Director, Division of Learning and Organizational Development position were considered for the Supervisory Organizational Development Specialist position, he may have been denied the right to compete. The Board has found that a veteran is denied his right to compete under 5 U.S.C. § 3304(f)(1) when an agency accepts his application and determines that he is qualified, but the selecting official does not give his application any further consideration. *See, e.g.*, *Shapley*, 110 M.S.P.R. 31, ¶¶ 9-17 (holding that the appellant was denied the right to compete when he was found qualified for a position and placed on the certificate of eligibles, but the certificate was not provided to the selecting official for consideration).

The administrative judge erred in finding that the appellant was not qualified for the position.

¶12      The administrative judge further found that the appellant was not qualified for the GS-15 position at issue in this appeal because he was in a GS-13 position, classified in a different series, at the time of the selection. ID at 4. The appellant's grade and the series of his position at the time of the selection are not dispositive as to whether he was qualified. *See* 5 C.F.R. §§ 300.604, 300.605. The agency determined that the appellant was qualified for the GS-15 Director, Division of Learning and Organizational Development position, and included him on the selection certificate for that position, which the agency claims to have used to make the selection for the Supervisory Organizational Development Specialist

position.  PFR File, Tab 6 at 4-5, 22-29.  Thus, it appears the agency found the appellant qualified at the GS-15 level.  The appellant has filed additional evidence on review regarding his qualifications.  PFR File, Tab 3.  On remand, the administrative judge should reconsider her finding in light of this evidence, and any additional evidence introduced by the parties on this issue.

The parties must be given an opportunity to further develop the record.

¶13     The Board may decide the merits of an appeal alleging the violation of rights under VEOA without holding a hearing where there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009).  As discussed above, based on the current record, there remain genuine disputed issues of material fact. Therefore, issuing a decision without a hearing, if the appellant wished to have one, was not appropriate in this case.  Additionally, because the administrative judge found that the Board had jurisdiction under VEOA, ID at 2, and declined to hold a hearing as she indicated she would in the acknowledgment order, IAF, Tab 3 at 2, she was responsible for notifying the parties that there would be no hearing, for setting a date on which the record would close, and for affording the parties the opportunity to submit evidence regarding the merits of the appeal before the record closed,  *Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010).  The administrative judge did not give the parties such notice.  This error was prejudicial to the appellant because there remain genuine disputes of material facts that cannot be resolved on the current record.  *Id*.  This appeal must be remanded for the record to be fully developed regarding the material facts.[4]

---

[4] The appellant also alleges that the administrative judge was biased in favor of the agency.  PFR File, Tab 2 at 4.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  Although we are remanding this appeal for further

*See, e.g., Phillips v. Department of the Navy*, <u>110 M.S.P.R. 184</u>, ¶ 12 (2008) (remanding, in part, because the evidentiary record was not sufficiently developed to determine whether a covered individual was given the right to compete).

**ORDER**

¶14     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Opinion and Order.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.

---

adjudication, we find nothing in the record to support the appellant's assertion that the administrative judge was biased in her original adjudication.