NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AISHA TRIMBLE,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2023-1277

---

Petition for review of the Merit Systems Protection Board in No. DA-3330-22-0317-I-1.

---

Decided: November 7, 2023

---

AISHA TRIMBLE, Dallas, TX, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Aisha Trimble applied for a job with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the Department of Justice, but was not selected. She then sought corrective action from the Merit Systems Protection Board, asserting that ATF had violated requirements of the Veterans Employment Opportunities Act of 1998 (VEOA), particularly, 5 U.S.C. §§ 3304(f)(1), 3330a(a)(1)(A). The Board denied her request. *See* SAppx. (supplemental appendix attached to the Respondent's Informal Brief) 1–8; *Trimble v. Department of Justice*, No. DA-3330-22-0317-I-1, 2022 WL 4634810 (M.S.P.B. Sept. 29, 2022). On Ms. Trimble's appeal, we affirm the Board's decision.[1]

I

Ms. Trimble is an honorably discharged veteran who served on active duty in the United States Army. She applied for an executive assistant position within ATF. The opening was a merit-promotion vacancy. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381 (Fed. Cir. 2007) (describing government hiring mechanisms). Ms. Trimble was found to be one of the best qualified candidates and was offered an interview, which took place in the

---

[1]   In two previous appeals before this court, Ms. Trimble has alleged VEOA violations stemming from her non-selection for positions within the federal government. In *Trimble v. Department of Homeland Security*, No. 2023-1279, 2023 WL 5921621 (Fed. Cir. Sept. 12, 2023) (non-precedential), we affirmed the Board's rejection of her VEOA challenge to her non-selection for a position within the Federal Emergency Management Agency. In *Trimble v. Department of Veterans Affairs*, No. 2023-1306, 2023 WL 4287195 (Fed. Cir. June 30, 2023) (non-precedential), we affirmed the Board's rejection of her VEOA challenge to her non-selection for a position within the Department of Veterans Affairs.

first few days of February 2022, before a panel of three ATF interviewers, including the selecting official. But ATF offered the job to another candidate, who was not a veteran. The selectee, however, withdrew her acceptance of the offer. SAppx. 7. Ms. Trimble contacted ATF to inquire about her application, and on April 19, 2022, she was informed that she had not been selected. SAppx. 2.

After exhausting her administrative remedy at the Department of Labor, Ms. Trimble appealed her non-selection to the Board under VEOA. She alleged that ATF "improperly considered her under Schedule A" (of the Excepted Schedules, 5 C.F.R. §§ 213.3101–.3102) "rather than under the Veterans' Recruitment Appointment (VRA) authority" (*see* 38 U.S.C. § 4214; 5 C.F.R. pt. 307 (§§ 307.101–.105) and that the specified improper treatment denied her a veterans' preference in violation of 5 U.S.C. § 3330a(a)(1)(A). SAppx. 2–3; *see* SAppx. 20–23. Ms. Trimble also alleged that, because she was not offered the position when the initial selectee withdrew, she had not been given the fair opportunity to compete required by 5 U.S.C. § 3304(f)(1), which guarantees certain veterans the opportunity to compete for merit-promotion employment positions. SAppx. 7. Finally, she alleged, seemingly under both 5 U.S.C. § 3330a(a)(1)(A) and 5 U.S.C. § 3304(f)(1), that ATF had not followed certain procedures required for persons with a veterans' preference. SAppx. 6.

The Board administrative judge assigned to the matter denied Ms. Trimble's request for corrective action, concluding that a hearing was unnecessary because no legally material facts were genuinely disputed. SAppx. 1–2. The administrative judge concluded that ATF was not required to make the appointment for the position under its VRA authority. SAppx. 3. The administrative judge also determined that Ms. Trimble failed to establish that ATF denied her the opportunity to compete for the position. SAppx. 6–7. Finally, the administrative judge determined that because the vacancy was to be filled by merit promotion

rather than by competitive examination, Ms. Trimble was not entitled to the veterans' preference benefits she cited. SAppx. 6.

The administrative judge's decision became the final decision of the Board on November 3, 2022. SAppx. 8. Ms. Trimble timely appealed to this Court on December 14, 2022. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

II

We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We see no basis for disturbing the Board's decision given the applicable law and the material facts that are not genuinely in dispute. We hold the Board correctly concluded that ATF was not required to make an appointment for the position in question under its VRA authority, that Ms. Trimble was not denied an opportunity to compete, and that no veterans' preference applied to the merit promotion position at issue.

Ms. Trimble first argues that the Board erred in denying the claim she made under 5 U.S.C. § 3330a(a)(1)(A) that she was entitled to a veterans' preference because (she contends) she was entitled to be treated, for hiring, under ATF's VRA authority. No error has been established. The statute provides for VRA eligibility in accordance with regulations, 38 U.S.C. § 4214(b), and the regulations refer to Executive Order 11521 as providing the authority for "agencies to appoint qualified covered veterans to positions in the competitive service." 5 C.F.R. § 307.101 (emphasis omitted). Executive Order 11521 provides that "the head of an agency *may* make an excepted appointment." Exec. Order No. 11521, 3 C.F.R., 1966–1970 Comp., p. 912 (emphasis added). Neither the regulations nor the executive

order declare any enforceable duty to make such appointments. We have been shown no error in the Board's conclusion that VRA authority "is a special authority by which agencies can, *if they wish*, appoint eligible veterans without competition," so that the choice of hiring mechanisms is for the agencies to make. SAppx. 3 (emphasis added).

Ms. Trimble also objects on two grounds to the Board's analysis under 5 U.S.C. § 3304(f)(1) regarding her opportunity to compete for the position. First, she contends that the Board should have found that she was deprived of the required fair opportunity to compete because ATF did not grant her certain veterans' preference procedural rights, such as affording an opportunity to object to the selection of a non-veteran under 5 U.S.C. § 3318. But the Board correctly concluded that 5 U.S.C. § 3304(f)(1) does not require that an agency apply veterans' preference procedures in order for a veteran to have had an opportunity to compete. The statute only requires that eligible veterans "not be denied the opportunity to compete"—not that they be given preference. 5 U.S.C. § 3304(f)(1).

Second, Ms. Trimble contends that the Board should have found that she was deprived of an opportunity to compete when the agency did not disclose to her that the initial selectee for the position had withdrawn. But the Board found, as was clear, that Ms. Trimble was designated best qualified and given an opportunity to interview, SAppx. 4–5, 7, and it observed that Ms. Trimble's claims of an unfair process were not supported by any evidence, SAppx. 5–6. ATF's choice not to proceed with Ms. Trimble or anyone else after the initial selectee withdrew showed no denial of the opportunity to compete for the position: She had a full opportunity to compete before the withdrawal; and after the withdrawal, there was no selection process at all. SAppx. 7.

Finally, we reject Ms. Trimble's argument that the Board erred because the position for which she applied was

a competitive-service position and that fact gave her an entitlement to veterans' preference procedures, such as those conferred by 5 U.S.C. § 3318, even though the vacancy was a merit-promotion vacancy. "Federal agencies generally use two types of selection to fill vacancies: (1) the open 'competitive examination' process and (2) the 'merit promotion' process." *Joseph*, 505 F.3d at 1381. The chosen type of hiring action affects whether veterans are to be given a preference in the evaluation process. Specifically, we have explained that veterans are not entitled to a preference when the selection process being used is merit promotion, even though multiple candidates may be vying for the spot. *Id.* at 1382. The preference entitlement applies only when a position is being filled using "competitive examination," *id.*, sometimes termed "open competition," *see id.* at 1383. And the classification of a *position* as in the "competitive service" under 5 U.S.C. § 2102 and 5 C.F.R. § 212.101 does not mean that *hiring* for the position is by competitive examination rather than merit promotion. Here, the hiring process was the latter, as is uncontested, SAppx. 2, so veterans' preference procedures did not apply.

To be sure, in merit promotion hiring, veterans are still given a preference in that they are allowed to apply at all. *See Joseph*, 505 F.3d at 1382. Someone who was not a veteran and did not otherwise have competitive status could not have applied for the executive assistant position for which Ms. Trimble was interviewed. *See* SAppx. 33 (indicating that the position to which Ms. Trimble applied was only open to "[i]ndividuals with disabilities," "[c]urrent or former competitive service federal employees," "[c]areer transition" federal employees, and "[v]eterans"). The language of the VEOA is clear, however, that beyond the privilege of being eligible to apply, there is no additional veterans' preference conferred for merit promotion hiring processes. 5 U.S.C. § 3304(f)(3). Therefore, we conclude that the Board properly found that Ms. Trimble's non-selection did not violate her veterans' preference rights.

### III

We have considered Ms. Trimble's other arguments and find them unpersuasive. For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.

The parties shall bear their own costs.

**AFFIRMED**