# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COREY DEMOND STOGLIN,
  Appellant,

  v.

DEPARTMENT OF HOMELAND
  SECURITY,
  Agency.

DOCKET NUMBER
CH-3330-17-0105-I-1

DATE: February 1, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Corey Demond Stoglin, Minneapolis, Minnesota, pro se.

Douglas Mark Livingston, Esquire, Houston, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1   The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his appeal under the Veterans Employment Opportunities Act (VEOA) and dismissed for lack of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction his appeal under the Uniformed Services Employment and Reemployment Rights Act (USERRA).

¶2      For the reasons discussed below, we GRANT the appellant's petition for review, VACATE that portion of the initial decision addressing the USERRA appeal, AFFIRM the portions of the initial decision addressing the appellant's VEOA, race discrimination, and whistleblower retaliation claims, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶3      The appellant is a 30% disabled preference-eligible veteran.  Initial Appeal File (IAF), Tab 4 at 12, 14.  On March 28, 2016, the agency issued vacancy announcement CIS-1659155-EO1 for the position of Equal Employment Opportunity Manager (Deputy Chief), GS-15, IAF, Tab 6 at 13-15, and the appellant applied.  Subsequently, he was notified that, although he was one of the referred and considered applicants, another applicant was selected for the position. *Id.* at 5.

¶4      On October 12, 2016, the Department of Labor (DOL), Veterans' Employment and Training Group (VETS), acknowledged receipt of the appellant's VEOA complaint.[2]  IAF, Tab 1 at 7-8.  Unable to resolve the complaint, DOL VETS advised the appellant on November 15, 2016, of his right to appeal to the Board, *id.* at 9, which he did.  In claiming that he was denied the right to compete for the position, the appellant alleged that the agency retaliated against him because he had another VEOA/USERRA complaint pending before DOL,[3] the appeal of which was currently before the Board, MSPB Docket No. CH-3330-16-0616-I-1, that the agency engaged in racial discrimination, and

---

[2] The appellant did not submit a copy of the complaint he filed with DOL.

[3] The appellant asserted that his "DOL complaint was originally filed as a USERRA complaint."  IAF, Tab 4 at 8.

that the appeal should be treated as a claim that the agency violated the Whistleblower Protection Act (WPA).  IAF, Tab 1 at 5.  He requested a hearing.  *Id.* at 2.

¶5    The administrative judge issued an order on VEOA jurisdiction and notice of proof requirements in connection with the appellant's VEOA appeal.  IAF, Tab 3.  In his response, the appellant alleged that, in failing to select him for the position in question, the agency violated his veterans' preference rights and that it also denied him the right to compete under 5 U.S.C. § 3304(f)(1).  IAF, Tab 4 at 4-7.  The appellant reiterated his claim that the agency's action was in retaliation for his other pending VEOA/USERRA claim, and he also raised the possibility that, as to the nonselection, the agency violated his rights under USERRA by not properly crediting the experience he earned while he was in the military.  *Id.* at 6.  The agency moved that the appeal be dismissed for lack of jurisdiction.  IAF, Tab 6.

¶6    In an initial decision based on the written record, the administrative judge first addressed the appellant's claim under VEOA regarding his nonselection, finding that he did not show that the agency violated a statutory or regulatory provision related to veterans' preference, noting that he did not dispute that he was referred for consideration under the vacancy announcement at issue.  IAF, Tab 7, Initial Decision (ID) at 3-5.  The administrative judge further found that, in the context of his VEOA appeal, the Board lacks authority to review the appellant's racial discrimination claim.  ID at 5.  Regarding the appellant's claim of retaliation for having pursued another VEOA/USERRA matter, the administrative judge stated that he could file a retaliation complaint with the Office of Special Counsel (OSC).  The administrative judge then addressed the appellant's claim of retaliation under the WPA, finding that he failed to show that he exhausted his remedy before OSC.  ID at 6.  As to the appellant's USERRA claim, the administrative judge found that the appellant "failed to make an initial showing, by preponderant evidence, that his military status was at least a

motivating or substantial factor in the agency's decision to select another candidate for the positon at issue." The administrative judge denied the appellant's request for corrective action under VEOA and dismissed his USERRA claim. ID at 7.

## ANALYSIS

### The appellant's VEOA appeal

¶7      On review, the appellant does not specifically challenge the administrative judge's decision denying him corrective action under VEOA. Petition for Review (PFR) File, Tab 1 at 3-5. We discern no error in that regard. The agency advertised the position in question by a vacancy announcement, which indicated that it was open to the following classes of persons: "Current or Former Employees with Competitive Status; Reinstatement Eligibles; OPM Interchange Agreement Eligibles; VEOA, Disability, Surplus/Displaced Eligibles." IAF, Tab 6 at 27. The appellant was found qualified for the position and his application was referred to the hiring official under the Schedule A (30% disabled veteran) hiring authority. *Id.* at 18, 22. Because the agency exercised its discretion to fill the vacancy under the merit promotion process, the ranking and selection rules that apply to the competitive-examination process, including veterans' preference, do not apply. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382 (Fed. Cir. 2007); *Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶ 9 (2005). Moreover, although a preference eligible is entitled to have a broad range of experience considered by the agency in reviewing his or her application for a position, how the agency adjudges and weighs those experiences is beyond the Board's purview. *See, e.g.*, *Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 7 (2013) (stating that the matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained), *overruled on other grounds by Dean v. Department of Labor*, 122 M.S.P.R. 276, *aff'd in part, rev'd in part*, 808 F.3d 497 (Fed. Cir.

2015). The appellant has not established that his nonselection violated his rights under a statute or regulation relating to veterans' preference, 5 U.S.C. § 3330a(a)(1)(A), and, to the extent he claims that there were irregularities in the selection process, such claims do not compel a contrary result.

¶8    Nor has the appellant shown that he was denied the right to compete under that part of the VEOA statute. 5 U.S.C. §§ 3330a(A)(1)(B), 3304(f)(1). He applied for the position, and his application was referred noncompetitively to the hiring authority for consideration. Nothing more is required. *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶¶ 9-10 (2002) (emphasizing that VEOA does not guarantee a preference eligible a positon of employment), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008). While the appellant questions whether his application was actually forwarded to the hiring official, PFR File, Tab 5 at 3, he has submitted no evidence in support of his claim, and evidence submitted by the agency supports the administrative judge's contrary finding, IAF, Tab 6 at 18, 22. Even though the appellant in this case was not selected, we agree with the administrative judge that he was not denied the right to compete under VEOA.[4] *Joseph*, 505 F.3d at 1383-84.

¶9    The appellant argues on review that he was denied a hearing. PFR File, Tab 1 at 3. He has not, however, shown error in the administrative judge's

---

[4] The appellant suggests on review that he has evidence that shows that the documents submitted by the agency may have been altered or created after the start of the appeal. He also states that he was, and is still, waiting for information to be verified that may show that the agency has submitted false evidence. PFR File, Tab 5 at 3. However, he has not submitted any additional evidence that is new and material, despite the fact that the Acting Clerk of the Board granted him an extension of time in which to submit a single supplement to the reply to the agency's response to his petition for review. PFR File, Tabs 6-7. The emails the appellant submitted on review, PFR File, Tab 5 at 4-5, 8, are not new. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Further, to the extent the appellant argues that "the record [below] was abruptly closed without notice," PFR File, Tab 1 at 4, his claim is not borne out by an examination of the record, IAF, Tab 2 at 6, Tab 3 at 7.

finding that none was required because there is no genuine dispute of material fact in this VEOA appeal and one party, here, the agency, must prevail as a matter of law.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007); ID at 2 n.1.

The appellant's USERRA appeal

¶10        To establish jurisdiction under 38 U.S.C. § 4311(a), an appellant must allege that:  (1) he performed duty or has an obligation to perform duty in a unformed service of the United States; (2) the agency denied his initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the unformed service.  *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 8 (2008).  Despite language in the initial decision that appears to suggest that the administrative judge adjudicated this claim on the merits, he concluded that the Board lacks jurisdiction to address it and he dismissed it.  ID at 9.  Although we acknowledge that USERRA claims should be broadly construed, *Williams*, 110 M.S.P.R. 191, ¶ 8, we nonetheless conclude that the administrative judge's jurisdictional finding regarding 38 U.S.C. § 4311(a) is correct.

¶11        The appellant's claim of discrimination is based solely on the fact that his relevant experience for the position in question was derived from his time in the military, and he assumes that the hiring official would have been aware that this was the case.  IAF, Tab 4 at 8.  Notwithstanding, the appellant's bare assertion that the hiring official did not select him for the position due to his military service does not rise to the level of a nonfrivolous allegation.  Under the circumstances, we agree with the administrative judge's ultimate disposition dismissing the appellant's USERRA appeal under 38 U.S.C. § 4311(a) for lack of jurisdiction.  Absent a nonfrivolous allegation of Board jurisdiction under 38 U.S.C. § 4311(a) of the USERRA statute, the appellant was not entitled to a

hearing in connection with that provision. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17-18 (2008).

¶12 However, there is another provision of USERRA, section 4311(b), which provides that an employer may not retaliate against an individual for pursuing or assisting another individual in pursuing his USERRA rights. The appellant argues on review that, in connection with his USERRA appeal, he raised a claim of retaliation below, PFR File, Tab 1 at 4-5, alleging that, when he was under consideration for the GS-15 position, he had a pending complaint with DOL alleging a USERRA violation regarding his nonselection for a GS-14 position, IAF, Tab 1 at 7.

¶13 According to 38 U.S.C. § 4311(b):

> An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

38 U.S.C. § 4311(b). If an appellant engages in one or more forms of the protected activity described above, an agency violates section 4311(b) if the appellant's protected activity "is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's [protected activity]." 38 U.S.C. § 4311(c)(2). In other words, an agency violates section 4311(b) if it would not have taken the action but for the appellant's protected activity. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 7 (2013). To establish jurisdiction under section 4311(b), as under section 4311(a), the appellant must raise nonfrivolous allegations in support of his claim.

¶14 The Board has held that an administrative judge must inform an appellant of the USERRA burdens and methods of proof in a USERRA appeal. *Haynes v. U.S. Postal Service*, 89 M.S.P.R. 9, ¶ 7 (2001). Although the appellant raised this

argument below, IAF, Tab 1 at 5, the administrative judge failed to issue an order setting forth, first, the requirements for establishing jurisdiction, and, then, the requirements for establishing a claim, under section 4311(b) of USERRA. To the extent that the agency, in attempting to challenge the appellant's claim, addressed the USERRA statute, its discussion was incomplete and did not serve to put the appellant on notice of the statutory requirements. IAF, Tab 6 at 8; *cf. Nichols v. Department of the Interior*, 69 M.S.P.R. 386, 388-89 (1996) (holding that an appeal need not be remanded to address a jurisdictional issue when an agency's motion to dismiss provides the appellant with notice that was lacking in the acknowledgment order). Because the appellant has not been afforded proper notice, a remand is required. *Haynes*, 89 M.S.P.R. 9, ¶¶ 7-8.

## ORDER

¶15     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall inform the appellant of the burdens and elements of proof in a USERRA retaliation claim brought under 38 U.S.C. § 4311(b). After affording such notice, the administrative judge shall allow for further development of the record. If he determines that the appellant has established Board jurisdiction over this claim, the administrative judge shall convene a hearing. *Downs*, 110 M.S.P.R. 139, ¶ 17. In his remand initial decision, the administrative judge may adopt his prior findings concerning the appellant's VEOA appeal, his claim under section 4311(a) of USERRA, his claim of race discrimination, and his whistleblower claim under the WPA.

FOR THE BOARD:                          /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.