## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COREY DEMOND STOGLIN,
> Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,
> Agency.

DOCKET NUMBER
CH-3330-16-0616-I-1

DATE: February 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Corey Demond Stoglin</u>, Minneapolis, Minnesota, pro se.

<u>Douglas Mark Livingston</u>, Esquire, Houston, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his appeal under the Veterans Employment Opportunities Act of 1998 (VEOA) and dismissed for lack of jurisdiction his Uniformed Services Employment and Reemployment Rights

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Act (USERRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.   Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify the administrative judge's analysis of the appellant's USERRA claim and to uphold the dismissal of that claim for lack of jurisdiction, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is a 30% disabled preference-eligible veteran.  Initial Appeal File (IAF), Tab 5 at 8, 11.   In February 2016, he applied under vacancy announcement CIS-1636923-EO1 for the position of Equal Employment Opportunity Manager (Division Chief), GS-14.  *Id.* at 23-27.  On March 23, 2016, the appellant was notified that he had been found ineligible because he did not submit the "required Veteran's documentation" as stated in the announcement. *Id.* at 29.  The appellant responded that he had mistakenly submitted the "wrong document" for his DD-214, Certificate of Release or Discharge from Active Duty, *id.* at 22, and subsequently did submit the required documentation, *id.* at 21.  He was then advised that he did not qualify for the position because his résumé failed to show that he had at least 1 year of specialized experience equivalent to the

GS-13 level. *Id.* at 20. The appellant responded, urging that, based on his service in the military, he did meet the requirement. *Id.* Upon further review of his application, he was found minimally qualified for the position, and his résumé was referred to the hiring official for consideration, *id.* at 19, but he was not selected.

¶3    On July 27, 2016, the Department of Labor (DOL), Veterans' Employment and Training Group (VETS), acknowledged receipt of the appellant's VEOA complaint.[2] IAF, Tab 1 at 10. Unable to resolve the complaint, DOL VETS advised the appellant of his right to appeal to the Board, *id.* at 8-9, which he did. Claiming that he was denied the right to compete for the position, the appellant asserted that, although he was told that his application would be referred to the hiring official, it was not. *Id.* at 5. He requested a hearing. *Id.* at 2.

¶4    The administrative judge issued an order on VEOA jurisdiction and notice of proof requirements in connection with the appellant's VEOA appeal. IAF, Tab 3. In his response, the appellant alleged that, in initially finding him ineligible for the position in question, the agency violated his veterans' preference rights, and that it also denied him the right to compete under 5 U.S.C. § 3304(f)(1). IAF, Tab 5 at 4-6. The appellant also raised the possibility that, as to the nonselection, the agency violated his rights under USERRA by not properly crediting the experience he earned while he was in the military. *Id.* at 6. The administrative judge then issued an order on USERRA jurisdiction and notice of proof requirements, IAF, Tab 7, in response to which the appellant argued that the comments and reaction of the agency Human Resources (HR) official to his application, as evidenced by the "combative" nature of certain emails, reflected animus against him based on his military service, IAF, Tab 8. The agency moved that the appeal be dismissed for lack of jurisdiction. IAF, Tabs 6, 9.

---

[2] The appellant did not submit a copy of the complaint he filed with DOL.

¶5     In an initial decision based on the written record, the administrative judge first addressed the appellant's VEOA claim. IAF, Tab 10, Initial Decision (ID) at 4-7. The administrative judge found that the appellant cited to no provision of law, rule, or regulation related to veterans' preference that excuses a veteran applicant from complying with the requirements set forth in the vacancy announcement, here, submission of the DD-214, and that the appellant therefore failed to prove that the agency violated his veterans' preference rights when it initially found him ineligible for the position in question based on his failure to submit his DD-214. ID at 5-6. Further, the administrative judge found that, because the appellant was ultimately found to be minimally qualified and his application was referred to the hiring official for consideration, he failed to show that he was denied the right to compete for the position. ID at 6-7. The administrative judge then addressed the appellant's USERRA claim, finding that the appellant failed to establish that the communication from the agency's HR official constituted discrimination based on military service or affiliation. ID at 7-9. The administrative judge denied the appellant's request for corrective action under VEOA and dismissed his USERRA claim. ID at 9.

## ANALYSIS

The appellant's VEOA appeal

¶6     On review, the appellant does not specifically challenge the administrative judge's decision denying him corrective action under VEOA. Petition for Review (PFR) File, Tab 1 at 3-5. We discern no error in that regard. The agency advertised the position in question by a vacancy announcement, which indicated that it was open to the following classes of persons: "Current or Former Employees with Competitive Status; Reinstatement Eligibles; OPM Interchange Agreement Eligibles; VEOA, Disability, Surplus/Displaced Eligibles." IAF, Tab 5 at 24. After the matter of the appellant's preference-eligible status was resolved by his submission of the requested DD-214, he was found minimally

qualified for the position and his application was referred to the hiring official under the Schedule A (30% disabled veteran) hiring authority.  IAF, Tab 6 at 4, Tab 9 at 7.  Because the agency exercised its discretion to fill the vacancy under the merit promotion process, the ranking and selection rules that apply to the competitive-examination process, including veterans' preference, do not apply. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382 (Fed. Cir. 2007); *Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶ 9 (2005).  Moreover, although a preference eligible is entitled to have a broad range of experience considered by the agency in reviewing his or her application for a position, how the agency adjudges and weighs those experiences is beyond the Board's purview. *See, e.g.*, *Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 7 (2013) (stating that the matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained), *overruled on other grounds by Dean v. Department of Labor*, 122 M.S.P.R. 276, *aff'd in part, rev'd in part*, 808 F.3d 497 (Fed. Cir. 2015).  The appellant has not established that his nonselection violated his rights under a statute or regulation relating to veterans' preference, 5 U.S.C. § 3330a(a)(1)(A), and his claims of irregularities in the selection process do not compel a contrary result.

¶7      Nor has the appellant shown that he was denied the right to compete under that part of the VEOA statute.  5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1).  He applied for the position, and his application was referred noncompetitively to the hiring authority for consideration.  Nothing more is required. *Scharein v. Department of the Department of the Army*, 91 M.S.P.R. 329, ¶¶ 9-10 (2002) (emphasizing that VEOA does not guarantee a preference eligible a position of employment), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).  While the appellant asserts that his application was not, in fact, forwarded to the hiring official, he has submitted no evidence in support of his claim, and evidence submitted by the agency supports the administrative judge's contrary finding.  IAF, Tab 9 at 7.  Although the appellant in this case was not selected, we agree

with the administrative judge that he was not denied the right to compete under VEOA.[3] *Joseph*, 505 F.3d at 1383-84.

¶8    The appellant argues on review that he was denied a hearing. PFR File, Tab 1 at 3. He has not, however, shown error in the administrative judge's finding that none was required because there is no genuine dispute of material fact in this VEOA appeal and one party, here, the agency, must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007); ID at 2 n.1.

The appellant's USERRA appeal

¶9    The appellant argues on review that the administrative judge incorrectly denied his USERRA claim because he was rated as minimally qualified based on experience that he gained while in the Reserves and that the rating came from a direct communication with the HR official who assessed the appellant's experience. PFR File, Tab 1 at 4.

¶10    The administrative judge considered the appellant's allegations that the agency's HR official was combative with him in her emails regarding his qualifications for the job at issue when she told him that he should list the salary he earned at his previous positions and that her tone in one email was circumstantial evidence of her animus against him because of his military service. The administrative judge examined the emails in question but found that the appellant failed to establish his discrimination claim and that the Board therefore lacked jurisdiction over his USERRA appeal. ID at 8-9.

¶11    To establish jurisdiction under 38 U.S.C. § 4311(a),[4] an appellant must allege that: (1) he performed duty or has an obligation to perform duty in a

---

[3] While the appellant suggests on review that he "had new evidence" that he was, and is still, waiting to be verified that may show that the agency has submitted "false evidence," PFR File, Tab 1 at 3-4, he has not submitted any such evidence.

uniformed service of the United States; (2) the agency denied his initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 8 (2008). Despite language in the initial decision that appears to suggest that the administrative judge adjudicated this claim on the merits, he concluded that the Board lacks jurisdiction to address it and he dismissed it. ID at 9. Although we acknowledge that USERRA claims should be broadly construed, *Williams*, 110 M.S.P.R. 191, ¶ 8, we nonetheless conclude that the administrative judge's jurisdictional finding is correct.

¶12     The appellant's claim of discrimination is based on his description of the tone of the correspondence of the HR official who reviewed his application as combative, and the fact that she initially found him not qualified. PFR File, Tab 1 at 4. Notwithstanding, she reconsidered upon further review and did forward his application to the hiring official for consideration. The matter at issue in this USERRA appeal is the appellant's nonselection. He does not suggest, however, that the HR official influenced the decision of the hiring official, and his bare claim that the hiring official did not select him for the position due to his military service does not rise to the level of a nonfrivolous allegation. Under the circumstances, we agree with the administrative judge's ultimate disposition dismissing the appellant's USERRA appeal under 38 U.S.C. § 4311(a) for lack of jurisdiction. Absent a nonfrivolous allegation of Board jurisdiction under USERRA, the appellant was not entitled to a hearing. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17-18 (2008).

---

[4] Section 4311(b), which provides that an employer may not retaliate against an employee for pursuing or assisting another individual in pursuing his USERRA rights, is not implicated in this appeal.

**NOTICE OF APPEAL RIGHTS[5]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.   You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.