NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**AISHA TRIMBLE,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

———————————

2023-1278

———————————

Petition for review of the Merit Systems Protection Board in No. DA-4324-22-0332-I-1.

———————————

Decided:  September 12, 2023

———————————

AISHA TRIMBLE, Dallas, TX, pro se.

RAFIQUE OMAR ANDERSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

———————————

Before MOORE, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

PER CURIAM.

Aisha Trimble appeals a decision of the Merit Systems Protection Board (Board) denying her request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  For the following reasons, we *affirm*.

## BACKGROUND

Ms. Trimble is an honorably discharged veteran who served on active duty in the United States Army from August 1996 to June 2000.  Appx. 11.[1]  In January of 2022, Ms. Trimble applied for the position of Executive Assistant in the Region 6 team of the Federal Emergency Management Agency (FEMA) in Denton, Texas.  *Id.*  Ms. Trimble was initially selected as one of the best qualified candidates and was invited to interview for the position, along with five other candidates.  *Id.*  Those interviews were conducted by a three-person panel including the FEMA Region 6 Acting Deputy Regional Administrator, who chaired the panel, and two other Region 6 officials.  *Id.*  Based on its interviews, the panel scored and recommended candidates for hiring to the Region 6 Regional Administrator, who acted as the selecting official.  *Id.* at 11–12.

Ms. Trimble was ultimately not selected for the Executive Assistant position, which was instead offered to another, non-veteran interviewee.  *Id.* at 12.  Ms. Trimble appealed that decision to the Board, arguing her non-selection violated USERRA, 38 U.S.C. § 4301 et seq., which prohibits, *inter alia*, discrimination in hiring decisions based on an applicant's prior military service.  *See* 38 U.S.C. § 4311(a).  The Board denied Ms. Trimble's request for corrective action under USERRA.  *See Trimble v. Dep't of Homeland Sec.*, No. DA-4324-22-0332-I-1 (M.S.P.B. Oct. 7,

---

[1]    Citations to "Appx." refer to the appendix attached to the Respondent's Informal Brief.

2022) (reproduced at Appx. 10–17). In particular, the Board found Ms. Trimble failed to demonstrate by a preponderance of the evidence that her status as a veteran was a substantial or motivating factor for her non-selection, Appx. 13–17, a required element of a USERRA claim. Ms. Trimble timely appealed to this Court.[2] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

We must uphold the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). To prove a USERRA violation, the claimant "bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). Whether a veteran's military service was a substantial or motivating factor in her non-selection is a question of fact reviewed for substantial evidence. *See Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013–14 (Fed. Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] This is not the first appeal in which Ms. Trimble has alleged a USERRA violation because of her non-selection for the position of Executive Assistant within a government agency. In *Trimble v. Dep't of Veterans Affs.*, No. 2023-1307, 2023 WL 4287197 (Fed. Cir. June 30, 2023) (non-precedential), which involved substantially similar allegations, we upheld the Board's finding that Ms. Trimble failed to prove her non-selection for an Executive Assistant position within the Department of Veterans Affairs (VA) was the result of military service-based discrimination.

conclusion." *McLaughlin v. Off. of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (quoting *Matsuhita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984)).

Substantial evidence supports the Board's finding that Ms. Trimble failed to carry her initial burden to show her military service was a substantial or motivating factor in her non-selection. The Board reviewed the testimony of Ms. Trimble and each of the interviewing officials and found no evidence of any animus toward Ms. Trimble because of her status as a veteran. Appx. 14–16. Ms. Trimble acknowledged below that the interview panel made no derogatory comments regarding her military service and that the interview chair—himself a veteran[3]—described FEMA as having an inclusive, veteran-friendly culture. *Id.* at 14. The Board also credited testimony of all three interviewers that they held favorable views of veterans in the workplace and that the interview process was identical for each of the six candidates. *Id.* Each interviewer also testified that the candidate selected for the Executive Assistant position performed better than Ms. Trimble in the interview, providing detailed answers tied to specific prior experience, whereas Ms. Trimble's answers were generally vague and abstract. *Id.* at 14–15. The Board found this testimony credibly demonstrated that Ms. Trimble was not recommended to the selecting official because of her weaker performance in the interview, not because of her military service. *Id.* Finally, the Board credited the selecting official's testimony that he selected the alternative candidate, rather than Ms. Trimble, without performing additional interviews because he trusted the panel's (non-discriminatory) recommendation. *Id.* at 15.

---

[3]    The interview chair's status as a veteran is "[a]lso relevant to showing a lack of discrimination" against Ms. Trimble because of her military service. *Trimble*, 2023 WL 4287197, at *2.

In the face of this evidence, Ms. Trimble principally relies on the fact that she was not selected for the position, while a non-veteran was, to establish discriminatory intent. *See* Appellant's Informal Op. Br. at 2 ("[The selecting official] denied initial employment to me, and this fact clearly proves his willingness to disobey veterans' preference laws before appointing a non-veteran . . . ."); Appx. 14 (noting Ms. Trimble's argument to the Board that FEMA's "refusal to consider [her] non-selection . . . is indicative of animus"). But Ms. Trimble's non-selection alone is insufficient to carry her burden to show a USERRA violation. *Sheehan*, 240 F.3d at 1015 ("[C]laimants must show evidence of discrimination other than the fact of non-selection and membership in the protected class."). To carry her burden, Ms. Trimble was required to put forward evidence showing her non-selection was motivated by service-based discrimination. The Board's finding that Ms. Trimble did not succeed in that task is supported by substantial evidence.

Ms. Trimble's allegation that the selecting official violated USERRA by allegedly ignoring veterans' preference laws, including by conducting and crediting candidate interviews, is also misplaced. *See* Appellant's Informal Op. Br. at 2; Appellant's Informal Reply Br. at 2. While USERRA prohibits discrimination against veterans on the basis of their military service, it does not encompass claims based on the improper denial of the veterans' preference except insofar as the denial is evidence of discriminatory intent.[4] *See Jones v. Dep't of Health & Hum. Servs.*, 834

---

[4] Claims regarding the improper denial of the veterans' preference are properly raised under the Veterans Employment Opportunities Act of 1998 (VEOA). Ms. Trimble has brought a separate action raising VEOA claims based on her non-selection by FEMA, which is the subject of a separate case. *Trimble v. Dep't of Health & Hum. Servs.*,

F.3d 1361, 1368 (Fed. Cir. 2016). Ms. Trimble does not explain how the alleged failure to apply the veterans' preference demonstrates discriminatory intent, beyond resulting in her non-selection, which is insufficient by itself to support a USERRA claim. Further, it is undisputed the Executive Assistant position was announced through FEMA's merit promotion process, *see* Appx. 11, in which a veteran "is not entitled to veterans' preference," *Joseph v. F.T.C.*, 505 F.3d 1380, 1383 (Fed. Cir. 2007) (citation omitted). FEMA's alleged failure to apply the veterans' preference in circumstances where it is inapplicable does not support an inference of bias.

## CONCLUSION

We have considered Ms. Trimble's other arguments and find them unpersuasive. For the reasons given, we hold substantial evidence supports the Board's finding that Ms. Trimble failed to prove discriminatory intent was a substantial or motivating factor in her non-selection and therefore affirm the Board's denial of corrective action under USERRA.

**AFFIRMED**

COSTS

No costs.

---

No. 2023-1279 (Fed. Cir. Sept. 12, 2023). We addressed substantially similar VEOA claims based on Ms. Trimble's non-selection by the VA in *Trimble v. Dep't of Veterans Affs.*, No. 2023-1306, 2023 WL 4287195 (Fed. Cir. June 30, 2023) (non-precedential).