**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES A. FEARSON, | DOCKET NUMBER |
| Appellant, | DC-3330-19-0742-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: July 11, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James A. Fearson</u>, Fayetteville, Georgia, pro se.

<u>Karen Barrows</u>, Esquire, Rock Island, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except to MODIFY the finding that the appellant is not entitled to corrective action, we AFFIRM the initial decision.

## BACKGROUND

The appellant timely applied for the position of Supervisory Logistics Management Specialist, GS-14, under a vacancy announcement that the agency posted on USA Jobs on April 6, 2018. Initial Appeal File (IAF), Tab 6 at 24. The position, advertised under merit promotion procedures, was open to current employees and others with status. *Id*. When the appellant was not selected, he filed a complaint, the receipt of which was acknowledged by the Department of Labor's Office of the Assistant Secretary for Veterans' Employment and Training Service (VETS) on July 2, 2019. IAF, Tab 1 at 9. On July 24, 2019, the assigned VETS investigator notified the appellant of the determination that the evidence did not support his allegation that the agency violated his veterans preference rights in connection with the selection, and that he could file an appeal with the Board, *id*. at 11.

On appeal, the appellant identified himself as a preference eligible, *id*. at 7, and sought corrective action, arguing that the agency's failure to promote him to

the GS-14 position resulted from a flawed process, *id.* at 5. He requested a hearing, *id.* at 2.

The administrative judge issued an order on VEOA jurisdiction and notice of proof requirements. IAF, Tab 3. The appellant's reply was nonresponsive. IAF, Tab 4. The agency moved that the appeal be dismissed for lack of jurisdiction on the basis that the appellant did not show that he was denied the right to compete under 5 U.S.C. § 3304(f)(1) because veterans' preference rights do not attach to selections made under the merit promotion process. IAF, Tab 6.

In a decision based on the written record,[2] the administrative judge first found that the appellant established the Board's jurisdiction over his claim. IAF, Tab 12, Initial Decision (ID) at 2-4. She then found that he did not show that the agency violated his veterans' preference rights by obstructing his right to compete for the position at issue because veterans' preference does not apply when an agency fills a position under the merit promotion process, ID at 4-5, and she therefore denied the appellant's request for corrective action. ID at 2, 6.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition. PFR File, Tab 3.

**ANALYSIS**

The parties do not dispute that the vacancy announcement at issue solicited applications under the merit promotion process, that is, from within the agency's workforce and from applicants outside the agency who have status in the competitive service, such as competitive service employees at other agencies or preference eligible veterans. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381 (Fed. Cir. 2007); IAF, Tab 6 at 24. In contrast to the open competition type of selection process, veterans' point preferences do not apply in

---

[2] The administrative judge found that a hearing was not required based on 5 C.F.R. § 1201.23(b) and Board case law, *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007) (finding that an administrative judge may deny a hearing request in a VEOA case when there is no genuine dispute of material fact and one party must prevail as a matter of law). ID at 1, 2 n.1.

the merit promotion process, *Joseph*, 505 F.3d at 1382; rather, preference eligible applicants and certain veterans "may not be denied the opportunity to compete" for such vacancies. 5 U.S.C. § 3304(f)(1).

The appellant in this case was an agency employee, a GS-13 Facility Operations Specialist, when he applied for the position at issue, IAF, Tab 1 at 1, 7, seeking a promotion, *id.* at 5. In *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), our reviewing court, upon consideration of the legislative history of the VEOA, held that § 3304 does not apply when a veteran or preference eligible applicant is already employed in Federal civil service. *Id.* at 1338-39. We find, therefore, based on the precedent set forth in *Kerner*, that the appellant failed to show that he was denied the opportunity to compete for the position because of his status as a current Federal employee, and that, for that reason, he is not entitled to corrective action.

### NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.